IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY M. CRAWFORD, as the RECEIVER FOR STAR EXPLORATION, INC., ET AL, | § § § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. _____ |
| DAVID CONOLEY, BENJAMIN CARLO, JEFF CHESTER, TINA DANIELS, WILLIAM G. "RIG" DARSEY IV, WILLIAM ALLEN GRAY, WILLIAM S. GROEBE, BRADLEY G. HAWTHORNE, SHAWN K. JANTZEN, SIMS KEMP, JOHN R. LOPEZ, GARY G. MARTIN, JR., SCOTT RIGGS, SEAN SUTRO, and HOWARD TYLER, | | |
| Defendants. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Kelly M. Crawford, as the Receiver of Star Exploration, Inc. and all other Receivership Entities described in the Order Appointing Receiver, as supplemented and amended, in Civil Action No. 3-08-CV-2248-O (the "Receiver"), makes his Original Complaint against defendants David Conoley, Benjamin Carlo, Jeff Chester, Tina Daniels, William "Rig" Darsey IV, William Allen Gray, William S. Grogbe, Bradley G. Hawthorne, Shawn K. Jantzen, Sims Kemp, John R. Lopez, Gary G. Martin, Jr., Scott Riggs, Sean Sutro, and Howard Tyler (collectively the "Broker Defendants"), and alleges herein as follows:

**ORIGINAL COMPLAINT**  1

# I.

# PARTIES

1. On December 22, 2008, in Civil Action Number 3-08-CV-2248-0 ("*SEC v. Star Exploration, Inc., et al.*" or "*the Underlying Lawsuit*"), this Court entered an Order Appointing Temporary Receiver, (the "Receivership Order"), a copy of which is attached hereto as <u>Exhibit "A"</u>, and is hereby incorporated by reference, in which it appointed Kelly M. Crawford as Receiver and ordered the Receiver to collect, receive and take exclusive custody and control and possession of certain assets of the defendants and relief defendants in that civil action (the "Receivership Assets"). The Receivership Order also authorizes the Receiver to institute proceedings as may in his judgment be necessary or proper for the protection and collection of Receivership Assets.

2. Defendant David Conoley is an individual who may be served with process through his attorney of record, Robert K. Frisch, Two Hillcrest Green, 12720 Hillcrest Road, Suite 280, Dallas, Texas 75230 or wherever he may be found.

3. Defendant Benjamin Carlo is an individual who may be served with process at 2353 North Field Street, #233, Dallas, Texas 75201 or wherever else he may be found.

4. Defendant Jeff Chester is an individual who may be served with process at 612 Lee Street, Sulphur Springs, Texas 75482 or wherever he may be found.

5. Defendant Tina M. Daniels is an individual who may be served with process at 7573 Highway 123, Dry Prong, Louisiana 71423 or wherever she may be found.

6. Defendant William G. Darsey, IV is an individual who may be served with process at 2006 Lake Highlands Drive, Wylie, Texas 75098 or wherever he may be found.

7. Defendant William Allen Gray is an individual who may be served with process at 11058 Veterans Memorial, Ville Platte, Louisiana 70586 or wherever he may be found.

8. Defendant William S. Groebe is an individual who may be served with process at 5745 W. Arbor Hills Way, Apt. 102, The Colony, Texas 75056 or wherever he may be found.

9. Defendant Bradley G. Hawthorne is an individual who may be served with process at 5523 Navaho Trail, Alexandria, Louisiana 71301 or wherever he may be found.

10. Defendant Shawn K. Jantzen is an individual who may be served with process through his attorney of record at Michael Weston, Bennett, Weston, LaJone & Turner, 1750 Valley View Lane, Suite 120, Dallas, Texas 75234-9010 or wherever he may be found.

11. Defendant Sims Kemp is an individual who may be served with process at P.O. Box 566, Palmer, Texas 75152 or wherever he may be found.

12. Defendant John R. Lopez is an individual who may be served with process at 802 Firestone, Richardson, Texas 75080 or wherever he may be found.

13. Defendant Gary G. Martin, Jr. is an individual who may be served with process at 303 Pear Tree Circle, Broussard, Louisiana 70518 or wherever he may be found.

14. Defendant Scott Riggs is an individual who may be served with process at 5049 Silverlake Drive, Plano, Texas 75093 or wherever he may be found.

15. Defendant Sean Sutro is an individual who may be served with process at 5926 Hera Street, Alexandria, Louisiana 71303 or wherever he may be found.

16. Defendant Howard Tyler is an individual who may be served with process at 7900 Churchhill Way, Apt. 14208, Dallas, Texas 75251 or wherever he may be found.

# II.

# JURISDICTION

17. This Court has subject matter jurisdiction to adjudicate the Receiver's claims against the Broker Defendants pursuant to 28 U.S.C. § 1331. This Court has original jurisdiction over this case and controversy because this action is related to and arises out of alleged violations of the federal securities laws. Moreover, this Court assumed exclusive jurisdiction to adjudicate claims regarding the assets that are the basis of this Complaint, defined as "Receivership Assets" in this Court's Receivership Order, entered in the Underlying Lawsuit on December 22, 2008.

18. In addition to the foregoing, this Court has personal jurisdiction over the Broker Defendants pursuant to 15 U.S.C. § 78aa, which provides nationwide service of process where "any act or transaction constituting the [securities] violation occurred." As set forth herein, the Receiver's action against the Broker Defendants arises out of and is related to the securities violations alleged by the Securities and Exchange Commission (the "Commission") in the Underlying Lawsuit. The Broker Defendants have minimum contacts with the United States so that they may be served and subject to process pursuant to 15 U.S.C. § 78aa.

19. In addition to the foregoing, this Court has personal jurisdiction over the Broker Defendants pursuant to the Court's inherent authority to enforce its orders in the Underlying Lawsuit, that have not been complied with to date by Broker Defendants. *Waffenschmidt v. Mackay,* 763 F.2d 711 (5th Cir. 1985).

20. Finally, the Receiver's compliance with 28 U.S.C. §§ 753 and 754, in conjunction with 28 U.S.C. §1692, provide personal jurisdiction over each of the Broker Defendants named above.

## III.

## VENUE

21. Venue is proper in this Court because pursuant to the Receivership Order, the Court took exclusive jurisdiction of the Receivership Assets and authorized the Receiver, as the Court's agent, to take and have possession of the Receivership Assets. As set forth herein, this action arises out of and is related to the Receiver's attempt to seek disgorgement and damages for the misappropriation and conversion of Receivership Assets.

## IV.

## FACTUAL BACKGROUND

22. As set forth in the Commission's Complaint in the Underlying Lawsuit, oil and gas securities were not registered and monies from investors were solicited and used illegally by the defendants named in the Underlying Lawsuit (collectively the "Star Defendants"). The Receiver relies on, and hereby incorporates by reference, the specific factual allegations made by the SEC in the Underlying Complaint. For ease of reference, a true and correct copy of the Complaint in the Underlying Lawsuit is attached hereto as Exhibit "B"[1].

23. As stated in the Complaint in the Underlying Lawsuit, the Star Exploration oil and gas investment program was developed by James Gurgainers beginning in late 2005. As part of this program, Gurgainers set up several entities to be used as tools for illegally soliciting and using investor monies, which entities included Star Georgetown I Joint Venture, Star Mineral Royalty 1-A, LP, Star Mineral Royalty 1-B, LP, Star Discovery, LP, Star Hamilton 2 Joint

---

[1] Specifically, the Receiver references paragraphs 18-20, 22-24, and 27 in the SEC's Complaint, which detail statements made by "Star Exploration and Gurgainers" for the purpose of inducing Star's investors to entrust their money to Star and its facilitators. Such references to "Star and Gurgainers" necessarily relates specifically to the Broker Defendants named herein, and are thus supportive and descriptive of the actions of which the Receiver complains below.

Venture, Lagniappe Oil & Gas Leases, LLC, Star Exploration Leasing, LLC, Discovery Drilling, LLC, Discovery Rigs, LLC, Terra Ferma Operating, LLC, Star Financial International, LLP, 1 AP.Com, Inc., and Zeroday Technologies, Inc. (hereinafter referred to as the "Receivership Entities"). Gurgainers, by and through his brokers, induced more than a hundred investors to invest in the Star oil and gas program and/or the Zeroday gold venture (collectively, the "Star/Zeroday program") by promising them high returns, when in reality much of the money received from the investors was used by Gurgainers and the Receivership Entities for personal and unauthorized uses, including commingling funds between drilling activities.

24. Beginning in late 2005 and continuing through early 2008, in their efforts to solicit investors the Broker Defendants also disseminated false information regarding the risk of the investment, the returns to be expected from the investment, the status of the oil and gas leases, or the ability of Nekekim to produce commercially feasible quantities of gold and the lack of experience of the officers of the company in conducting an oil and gas or gold operation. The identity of the specific persons to whom each Broker Defendant disseminated false information is peculiarly within each Broker Defendant's knowledge or control, but subject to discovery. The false information was disseminated by use of the mails and telephone.

25. Each of the Broker Defendants disseminated such false information either with knowledge of the information's falsity, severe recklessness or disregard for the obvious danger that the information was false and misleading, and in failing to exercise ordinary care in evaluating whether any of the statements used to induce investments were truthful. Accordingly, such information was disseminated by each of the Broker Defendants with the specific intent and desired result of defrauding the investors.

26. The Receiver's investigation regarding payments made in furtherance of the oil and gas/gold scheme to the Broker Defendants is ongoing. To date, on information and belief, the Receiver believes the Broker Defendants received distributions of investor funds denominated as "commissions" totaling more than $1.2 million in return for the Broker Defendants' recruitment of investors. A preliminary schedule of the amount of commissions the Receiver contends each of the Broker Defendants may have received was prepared from the bank records of the Receivership Entities and is attached hereto as Exhibit C. Further discovery is necessary to determine the exact amounts received by each Broker Defendant

27. The funds distributed to the Broker Defendants were derived from the assets of the Receivership Entities that consisted of the funds invested from the various investors in the Star/Zeroday program. The payments to each of the Broker Defendants were usually calculated as a percentage payment based on the gross amount invested by the investors and were often times paid as "draws."

28. In order to receive the distributions described above, the Broker Defendants actively solicited investors in the Star/Zeroday program, disseminated information regarding the fraudulent program to the investors, and assisted or facilitated the investors actually investing or placing their money into the scheme. None of the Broker Defendants provided any value to the Receivership Entities in soliciting investors for the Star/Zeroday program since the program was fraudulent.

29. The monies paid to the Broker Defendants came from the principal invested in the Receivership Entities by the deceived and defrauded investors, and were payments made in the furtherance of the Star/Zeroday program. The Broker Defendants cannot profit from their

participation in the Star/Zeroday program and are liable to the Receiver for the amount of the investor funds they received from the Receivership Entities.

30. The investor funds paid to the Broker Defendants constitute "Receivership Assets" as defined under the Court's Receivership Order, and are subject to the jurisdiction and control of this Court. The Receiver provided the Broker Defendants with a copy of the Receivership Order and made demand upon each Broker Defendant to return to the Receiver the unlawful commissions each Broker Defendant received. Each of the Broker Defendants ignored or refused to comply with the Receiver's demands. By failing to turn over such monies to the Receiver, the Broker Defendants are knowingly violating the terms of this Court's orders.

## V.

## **CLAIMS FOR RELIEF**

**A. FRAUDULENT TRANSFER**

31. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 27 of this Original Complaint as if each were separately set forth herein.

32. Beginning in late 2005 and continuing through 2008, one or more of the Receivership Entities, at the direction and under the control of Gurgainers, transferred at least $1,282,694 to the Broker Defendants. Each of these transfers was fraudulent as to the Receivership Entities and their creditors pursuant to the Uniform Fraudulent Transfer Act. Because the Star/Zeroday program was by its nature a fraudulent enterprise and transfers made in furtherance of such an enterprise are fraudulent as a matter of law, each transfer was willful and malicious and made with actual intent to defraud.

33. More specifically, each of the transfers referred to above were made not from investment income earned by the Receivership Entities, but from the funds invested in the Receivership Entities by the various investors in the Star/Zeroday program.

34. The transfers of funds to the above named Broker Defendants were made without the exchange of reasonably equivalent value in return from the Broker Defendants, and were made at a time when the Receivership Entities' remaining assets were insufficient to pay their debts. The Broker Defendants did not exchange reasonably equivalent value for the funds paid to each, and upon information and belief did not receive the funds in good faith. Further, for purpose of this claim, the Receiver stands in the shoes of the creditors of the Receivership Entities. Accordingly, each of the transfers from the Receivership Entities to the Broker Defendants should be set aside and the Broker Defendants should be ordered to disgorge to the Receiver such funds in compliance with this Court's orders. To the extent the funds have been used to acquire real or personal property that any Broker Defendant claims an interest in, such interests should be set aside.

**B.  UNJUST ENRICHMENT**

35. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 27 of this Original Complaint as if each were separately set forth herein.

36. The Broker Defendants have each been unjustly enriched by the amount of funds each received from the Receivership Entities.

37. The Receiver has a superior equitable interest to recover the funds received by the Broker Defendants from the Receivership Entities so that the funds recovered by the Receiver may ultimately be distributed to the persons who invested in the Receivership Entities.

## C. VIOLATIONS OF SECURITIES LAWS

38. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 27 of this Original Complaint as if each were separately set forth herein.

39. On information and belief, the Broker Defendants (except Jantzen) engaged in the interstate business of effecting securities transactions for the account of another, without being registered with the Securities and Exchange Commission, as a broker or dealer, in violation of Section 15(a) of the Securities Exchange Act, 15 U.S.C. Section 78o.

40. The Broker Defendants located prospective investors in the Star/Zeroday program to purchase securities in Star Exploration or its affiliates, marketed the securities to investors by use of the mails or by telephones, assisted in the negotiation of the terms by which the purchase and sale of such securities would occur, and accepted commission payments as compensation in a manner that was linked in whole or in part to the sale of the Star/Zeroday program securities.

41. On information and belief, each of the Broker Defendants except Jantzen are not registered as broker-dealers pursuant to Section 15(a) of the Securities Exchange Act, or otherwise.

42. Section 29(b) of the Securities Exchange Act, 15 U.S.C. Section 78cc provides for the recission of a contract if the contract violates any provision of the Securities Exchange Act or regulations promulgated thereunder. Accordingly, because the Broker Defendants and each of

them, except Jantzen, received commission payments while acting pursuant to a contract wherein the Broker Dealers acted as an unregistered broker-dealer in violation of Section 15(a) of the Securities Exchange Act, the Receiver is entitled to rescind each of these agreements and entitled to repayment of all commissions paid to and received by each of these Broker Defendants (except Jantzen). The Receiver prays for a repayment to the Receiver of all illegal commissions paid to the Broker Defendants (except Jantzen).

E. **REQUEST FOR AN ACCOUNTING**

43. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 27 of this Original Complaint as if each were separately set forth herein.

44. The Broker Defendants are in wrongful possession of substantial monies paid to them from monies invested in the Star/Zeroday program by Star investors, and obtained through fraudulent and misleading means. The Broker Defendants have each been provided a copy of the Receivership Order which requires their cooperation, and to date each of the Broker Defendants have failed and refused to comply with the Receiver's demands. To date, the Broker Defendants have failed to return the commissions they received to the Receiver, to identify the bank accounts in which the funds are held, or to account for the use of the funds. The Receiver is entitled to an accounting specifying the location of the funds, the persons or entities with control over the funds, and the location of any assets wrongfully purchased with the funds.

45. The Receiver requests this Court to enter an Order compelling the Broker Defendants to file with the Court and serve upon the Receiver an accounting, under oath,

detailing all of their assets and all of their funds and other assets received from Receivership Entity investors and from one another.

F.     REQUEST FOR EQUITABLE DISGORGEMENT

46.    The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 27 of this Original Complaint as if each were separately set forth herein.

47.    The Receiver seeks to deter further fraudulent activities and recover the proceeds of each Broker Defendants' unjust gain at the expense of Receivership Entity investors by an Order of Disgorgement. The funds for which the Receiver seeks disgorgement were obtained from the investors through fraud and were obtained by the Broker Defendants as the result of a fraudulent transfer. Further, the funds were utilized in a scheme that violated numerous securities laws and regulations as alleged in the Underlying Lawsuit. An order of disgorgement will ensure that the Broker Defendants are not allowed to retain their ill-gotten gains.

48.    The Receiver alone is in a position to re-distribute disgorged funds on a pro-rata share to the defrauded investors. An Order of Disgorgement will thus ensure a fair and equitable distribution of the limited funds available for restitution.

49.    Accordingly, the Receiver seeks an Order of Disgorgement by which the Court directs each of the Broker Defendants to disgorge to the Receiver all commissions or monies received from Star Exploration, Inc. or other Receivership Entities.

### G. MONEY HAD AND RECEIVED

50. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 27 above as if each were separately set forth below.

51. In the alternative, and without waiver of the foregoing, each of the Broker Defendants received money or valuable property from the Receivership Entities and in equity and good conscience, the money or property each received belongs to the Receivership Estate for the further benefit of defrauded investors and creditors of the Estate. The Receiver hereby sues for the recovery of all money and property had and received by the Broker Defendants, together with all pre- and post-judgment interest as allowed by law.

### H. ATTORNEY'S FEES

52. The Receiver seeks the recovery of all reasonable attorneys fees and expenses incurred in obtaining judgment against each of the Broker Defendants, as allowed by law or in equity, and those attorneys fees and expenses required to pursue any appeal.

### I. CONDITIONS PRECEDENT

53. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 52 above as if each were separately set forth below.

54. All conditions precedent necessary to perfect the claims asserted above have occurred or been satisfied.

# VI.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Receiver Kelly M. Crawford respectfully prays that this Court order disgorgement or alternatively award the Receiver judgment against the Broker Defendants in an amount to be determined through discovery, plus prejudgment and post judgment interest, attorneys fees, expenses, and court costs; and that the Court grant such other and further relief as prayed for herein, both at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: /s/ Charlene C. Koonce
Charlene C. Koonce
State Bar No. 11672850

500 North Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: (214) 706-4200
Telecopier: (214) 706-4242

**ATTORNEYS FOR RECEIVER
KELLY M. CRAWFORD**