# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| KELLY M. CRAWFORD, as the RECEIVER FOR STAR EXPLORATION, INC., ET AL, § § § § § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. 3:09-cv-01718-P | |
| § | | |
| DAVID CONOLEY, BENJAMIN CAROL, JEFF CHESTER, TINA DANIELS, WILLIAM G. "RIG" DARSEY IV, WILLIAM ALLEN GRAY, WILLIAM S. GROEVE, BRADLEY G. HAWTHORNE, SHAWN K. JANTZEN, SIMS KEMP, JOHN R. LOPEZ, GARY G. MARTIN, JR., SCOTT RIGGS, SEAN SUTRO, and HOWARD TYLER, § § § § § § § § § § § | | |

## DEFENDANT GARY G. MARTIN JR.'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Gary G. Martin, Jr., Defendant, and file this Answer to the Plaintiff's Original Complaint and allege herein as follows:

1. The Defendant was not a Broker. He did not sell or market the securities alleged in the Complaint and is not liable in the capacity sued.

***Jurisdiction***

2. The Defendant does not dispute that this Court has subject matter jurisdiction or personal jurisdiction as alleged in Paragraph 17 through 20 of the Complaint.

### *Venue*

3. Defendant admits that venue is proper in this Court has alleged in Paragraph 21 of the Complaint.

### *Factual Allegations*

4. Defendant denies the allegations in Paragraphs 22 and 23 of the Complaint that monies from investors were solicited and used illegally by the Defendant.

5. The Defendant denies that he participated in any of the sales and marketing efforts, made no promises of high returns, did not receive money from the investors and did not use funds for personal or unauthorized uses as alleged in Paragraph 23 of the Complaint.

6. The Defendant denies the allegations of Paragraphs 24 and 25 of the Complaint that he disseminated false information and that he disseminated false information with knowledge of the information's falsity, or with severe recklessness or disregard. The Defendant denies he failed to use ordinary care in evaluating whether the statements used to induce investments were truthful. Defendant denies that he made any statements to any investors to induce investments. Defendant denies that he disseminated any information to a prospective investor with the specific intent and desired result of defrauding such investors.

7. Defendant denies the allegations in Paragraph 26 that he received payments in the form of commissions from sales of oil and gas, or gold mining interests to investors. None of the funds paid to the Defendant were commissions from such sales.

8. Defendant denies the allegations of Paragraphs 27, 28, 29 and 30 of the Complaint in their entirety.

*Fraudulent Transfer*

9. Defendant denies the allegations of Paragraph 32 that any transfers of funds to him was fraudulent pursuant to the Uniform Fraudulent Transfer Act.

10. Defendant denies the allegations of Paragraphs 33 and 34 of the Complaint in their entirety.

*Unjust Enrichment*

11. Defendant denies that he has been unjustly enriched as alleged in Paragraphs 36 and 37 of the Complaint in their entirety.

*Violations of Securities Laws*

12. Defendant denies the allegations of Paragraph 39. The Defendant was not a Broker and did not engage in sales in violation of the Securities Exchange Act.

13. Defendant denies the allegations of Paragraph 40. He did not locate prospective investors in any program of Star Exploration or Zeroday, did not market the securities to investors, did not assist in negotiation of the terms of purchase of sales of securities, and did not receive payments as commissions in compensation linked to the sale of the Star/Zeroday program securities.

14. Defendant denies the allegations of Paragraph 41 and 42 in their entirety. He did not act as an unregistered broker-dealer and was not paid commissions.

*Request for an Accounting*

15. Defendant denies the allegations of Paragraphs 44 and 45 in their entirety. The Defendant denies he is in wrongful possession of monies paid to him by Star

Exploration. The Plaintiff is not entitled to an accounting of any funds which he has in his possession.

### *Request for Equitable Disgorgement*

16. Defendant denies the allegations of Paragraphs 47, 48 and 49 in their entirety.

### *Money Had and Received*

17. Defendant denies the allegations of Paragraph 51 in their entirety.

### *Attorney's Fees*

18. Defendant denies that the Receiver is entitled to recover from him attorney's fees or expenses incurred.

**WHEREFORE PREMISES CONSIDERED,** Defendant, Gary G. Martin, Jr., prays that this Court denies the relief requested by the Receiver, Kelly Crawford, in the Original Complaint and for such other and further relief as he is entitled in law or in equity.

Respectfully submitted,

/s/ Robert K. Frisch
ROBERT K. FRISCH
Texas State Bar No. 07480500
12720 Hillcrest Road, Suite 280
Dallas, Texas 75230
972-386-3940 (Telephone)
972-764-0928 (Facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that on the 25th day of November, 2009 a copy of the foregoing Gary G. Martin, Jr.'s Answer to Plaintiff's Original Complaint has been forwarded via electronic transmission to:

charlene.koonce@solidcounsel.com
Charlene C. Koonce
Scheef & Stone, LLP
500 North Akard Street, Suite 2700
Dallas, Texas 75201

                              /s/ Robert K. Frisch
                              Robert K. Frisch